RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 15a0104p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

KATISHA EDNACOT,

> *Plaintiff-Appellant,*

*v.*

> No. 14-5692

MESA MEDICAL GROUP, PLLC,

> *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 5:14-cv-00096—Joseph M. Hood, District Judge.

Decided and Filed: May 12, 2015[*]

Before: SILER, BATCHELDER, and ROGERS, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** J. Dale Golden, Mary Lauren Melton, GOLDEN & WALTERS, PLLC, Lexington, Kentucky, for Appellant. Daniel E. Danford, Steven A. Neace, STITES & HARBISON, PLLC, Lexington, Kentucky, for Appellee.

SILER, J., delivered the opinion of the court in which BATCHELDER and ROGERS, JJ., joined in the result. BATCHELDER, J. (pp. 7–8), delivered a separate opinion concurring in the judgment in which ROGERS, J., joined.

---

[*]This decision was originally issued as an "unpublished decision" filed on May 12, 2015. The court has now designated the opinion as one recommended for full-text publication.

1

---

**OPINION**

---

SILER, Circuit Judge.  Katisha Ednacot is a physician's assistant who used to work for Mesa Medical group, a staffing service for hospitals.  Ednacot sued Mesa in Kentucky state court, alleging that Mesa had failed to pay her full salary.  Ednacot alleged that Mesa had withheld money from her paycheck to cover its overhead expenses, primarily Mesa's own federal FICA and FUTA taxes.[1]  Ednacot's claim was removed to federal court and assigned to the same judge who had recently dismissed a similar lawsuit that Ednacot's attorneys had brought against Mesa on behalf of Ednacot's former co-worker, Tammy Berera.

As in Berera's case, the district court found that Ednacot's claims that related to Mesa's federal employer taxes were preempted by federal law because, in substance, they were claims to recover wrongfully withheld taxes.  Because Ednacot did not first take these tax claim to the IRS, as required by 26 U.S.C. § 7422, the district court found that it lacked subject matter jurisdiction.  Berera and Ednacot both appealed these dismissals.  In a recently published opinion, another panel of this court affirmed (with modification) the *Berera* dismissal.  *Berera v. Mesa Med. Grp.* (*Berera III*), 779 F.3d 352, *reh'g en banc denied* (6th Cir. April 27, 2015).  Because *Berera* controls the analysis in this case, we must likewise **AFFIRM**, as modified, the district court's decision to dismiss.

**I.**

This case is closely related to a putative class action lawsuit Tammy Berera brought in Kentucky state court (Fayette County) on behalf of former employees of Mesa.  Berera sought damages for conversion and negligence, and asserted that Mesa failed to pay the full amount of wages and overtime in violation of Ky. Rev. Stat. § 337.385.  In a second amended complaint, Berera attempted to add Katisha Kabalen (now Katisha Ednacot) as a member of the potential class.

---

[1]FICA is the Federal Insurance Contribution Act, *see* 26 U.S.C. §§ 3101-3128.  FUTA is the Federal Unemployment Tax Act, *see* 26 U.S.C. §§ 3301-3311.

Mesa was unsure whether Berera's complaint accurately encompassed her claims, and the state court granted Mesa's Motion for a More Definite Statement.  In August 2013, Mesa determined that Berera's allegations were essentially that Mesa was withholding the employer (in addition to the employee) share of FICA taxes, and Mesa removed the case to federal court. *See Berera v. Mesa Med. Grp.* (*Berera I*), 985 F. Supp. 2d 836, 838 (E.D. Ky. 2013).

The district court denied Berera's motion to remand and gave Berera 21 days to show why the complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) because (1) section 7422 requires that a claim to recover federal taxes must be brought to the IRS before a lawsuit can be filed, and (2) FICA does not create a private cause of action. *Berera I*, 985 F. Supp. 2d at 843-44.  The district court then dismissed the suit with prejudice. *Berera v. Mesa Med. Grp.* (*Berera II*), No. 5:13-cv-294-JMH, 2014 WL 29386, at *3 (E.D. Ky. Jan. 3, 2014).

One month later, Berera's attorneys filed this action on behalf of Ednacot in Boyle County Circuit Court.  Ednacot's complaint was factually and legally similar to Berera's,[2] except that Ednacot also claimed that Mesa had wrongfully withheld funds from her paycheck to pay Kentucky state taxes and wrongfully withheld money to pay for travel and cellphone expenses that she did not incur.  This case was removed to federal court, and Ednacot moved to remand.[3]

The district court first determined that Ednacot's claim was not barred by res judicata.  Although the district court had previously described Ednacot as a member of the *Berera* class, *Berera II*, 2014 WL 29386, at *1; *Berera I*, 985 F. Supp. 2d at 838, upon looking further the district court determined that it had not given Berera's attorneys permission to re-amend their complaint.  The second amended complaint therefore had no legal effect, and Ednacot was not a party to Berera's lawsuit. *Ednacot v. Mesa Med. Grp.*, No. 5:14-cv-96-JMH, 2014 WL 2527095, at *5 (E.D. Ky. June 4, 2014) (citing Ky. R. Civ. P. 15.01).

---

[2]Ednacot characterized her action as one for breach of contract, conversion, fraud, fraud in the inducement, and a violation of Ky. Rev. Stat. § 337.385 (establishing employer liability for unpaid wages).

[3]On April 10, 2014, around the same time Ednacot moved to remand her action to the state court, the Berera/Ednacot attorneys filed a third lawsuit against Mesa, *Wagner v. Team Holdings, Inc.*, No. 5:14-cv-176-JMH, 2014 WL 3586265 (E.D. Ky. July 21, 2014), naming Team Holdings, a company of which Mesa is a subsidiary. This case was also removed to federal court.  However, Wagner's complaint was substantively different from Berera's and Ednacot's, and the court found no federal cause of action. *See id.* at *3 ("[T]he filings before this Court make clear that Plaintiff is only attempting to recover damages after a contract addendum Defendant presented to Plaintiff and other former Mesa employees on March 24, 2014. . . . Essentially, all of Plaintiff's claims seek to recover for a breach of contract.").

As in *Berera*, the district court found that, although Ednacot's complaint did not facially contain a federal claim, the "artful pleading" exception to the "well-pleaded complaint rule" allowed the court to look behind the face of the complaint and determine that it contained a veiled federal tax claim that preempted the related state statutory and tort claims. *Ednacot*, 2014 WL 2527095, at *3. Ednacot claimed that Mesa, through an intermediate step in the accounting process, was deducting Mesa's own employer FICA and FUTA taxes before assessing her employee payroll deductions. *See id.* at *3-4. Because the money Ednacot sought to have returned was tagged as money to pay federal taxes, the district court determined that the suit implicated 26 U.S.C. § 7422 and preempted the state law claims. *Id.*

As the district court explained:

All of Plaintiff's claims, as they relate to federal taxes, must be dismissed because they seek damages for an excessive withholding of FICA taxes and damages for an illegal assessment of FUTA taxes, for which there is no private remedy and because Plaintiff has not first pursued her administrative remedy. Plaintiff first claims that Defendant breached the employment contract. Even assuming Defendant breached the contract by not compensating Plaintiff the full amount she was owed, the reason Plaintiff would not have received the full amount owed is that Defendant was excessively withholding or improperly assessing federal taxes. Plaintiff also makes a claim for fraud and fraud in the inducement. Any damages Plaintiff may be awarded on this claim would be equal to the amount of the tax excessively or improperly withheld, and, therefore, Plaintiff again seeks to recover federal taxes excessively or improperly withheld. . . .

Plaintiff's claims of conversion, violation of [Ky. Rev. Stat. §] 337.385, and negligence likewise seek to recover the amount of excessively or improperly withheld federal taxes.

*Ednacot*, 2014 WL 2527095, at *7. Because she did not first file a claim for a refund or credit with the IRS, as required by 26 U.S.C. § 7422, the court found it lacked jurisdiction on account of Ednacot's failure to exhaust her administrative remedies. *Ednacot*, 2014 WL 2527095, at *8-9. In its judgment order, the court dismissed the federal claims with prejudice.

The court remanded Ednacot's claims that concerned Kentucky taxes and the claims that Mesa improperly withheld travel and cellphone funds. Mesa does not cross-appeal this remand order.

## II.

The district court's analysis described above is essentially identical to the analysis this court affirmed in the *Berera* case.  Although our sister panel did not go so far as to conclude that section 7422(a) "preempts, regardless of type, an[y] artfully pleaded FICA claim," *Berera III*, 779 F.3d at 360, it held that the court properly found jurisdiction under the artful pleading exception to the well-pleaded complaint rule.  *Id.* at 357-58.

While Ednacot's claim does contain one wrinkle that distinguishes it from Berera's, this distinction makes little difference.  *Berera* concerned FICA taxes, which are split between the employer and the employee.  Ednacot also claims that Mesa stole money to cover Mesa's federal unemployment insurance taxes under FUTA—taxes wholly borne by the employer.

The employer FICA taxes and FUTA taxes, however, warrant the same analysis.  Both claims fit within the terms of 26 U.S.C. § 7422, as interpreted by *Berera III*.  This provision states:

> **(a) No suit prior to filing claim for refund.**—No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Here, like the employer FICA taxes at issue in *Berera*, the FUTA taxes would be "any sum alleged to have been . . . wrongfully collected."  It matters not, under *Berera III*, that the employee herself is not liable for FUTA taxes.  Ednacot must begin her quest with the IRS.

Ednacot claims that because the taxes were employer (not employee) taxes and because she does not know whether Mesa actually paid the taxes to the IRS, she has no remedy from the IRS.  But we rejected this argument in *Berera*, 779 F.3d at 363.  The IRS could refund to Ednacot any wrongfully withheld employer FICA or FUTA taxes and then pursue Mesa to recover the money.  *See id.*  Ednacot is therefore not without a remedy.  Section 7422 was designed to funnel claims like Ednacot's through the administrative machinery of the IRS rather

than piecemeal through individual state and federal lawsuits. *See Mejia v. Verizon Mgmt. Pension Plan*, No. 11-C-3949, 2012 WL 1565336, at *8 (N.D. Ill. May 2, 2012).

As we did in *Berera III*, 779 F.3d at 360 n.10, we modify the judgment against Ednacot from a dismissal with prejudice to a dismissal without prejudice.

**AFFIRMED.**

---

**CONCURRENCE**

---

ALICE M. BATCHELDER, Circuit Judge, concurring in the judgment. Because this court is bound by its recent precedent in *Berera v. Mesa Medical Group*, 779 F.3d 352 (6th Cir. 2015), I concur in the judgment of this panel. Nevertheless, I write separately to express my strong disagreement with the rationale upon which this case and the *Berera* case rest.

Ednacot's complaint alleged breach of contract, conversion, fraud, negligence, and a violation of Kentucky's wage laws. In order for the federal district court to have jurisdiction over the case, the court had to recast that complaint into one claiming a federal tax refund. While there may be cases in which such a reconstruction is proper in light of the artful pleading doctrine, this is not such a case. The specter of a tax refund claim only arises from the secondary fact that Mesa Medical Group used the money it skimmed—i.e., stole—from Ednacot's wages to pay the employer's—i.e., Mesa Medical's—share of FICA and FUTA taxes. But what a thief does with his loot is immaterial to the victim's claim against him.

By reclassifying this as a tax refund claim, we force Ednacot—like other similarly unfortunate employees—to seek an administrative remedy with the IRS. But Ednacot has no complaint against the IRS, and the IRS has no reason to grant a refund. The FICA taxes that were due for Ednacot's employment—both the employee's and employer's shares—have been paid. In fact, Ednacot positively *does not* want a tax refund, since such a refund would mean that she has an unpaid tax liability and her benefits are no longer properly covered. Essentially, a tax refund would mean she has recouped her skimmed wages at the cost of her benefit coverage.

Moreover, it is not the IRS's concern if the funds with which these taxes were paid were somehow tainted. If the IRS is the *bona fide* receiver of tax payments consisting of skimmed wages, there is no authority that requires the IRS to refund those taxes—which were in fact due—and then recoup the balance from the miscreant employer. The employee's only chance of remedy lies with the employer, not with the IRS. Yet the court's disposition of this case precludes an action by the employee against the employer wherever the employer claims to have used the skimmed funds to pay its taxes.

It is true that the protections of § 7422(a) have been extended to shield airline companies to the extent that they "effectively act as agents for the IRS by collecting excise taxes from passengers." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 564–65 (6th Cir. 2007). But the position of an employer who concocts a scheme to cover its own tax liability by skimming funds from its employees' wages is entirely different from the position of an airline company that was specifically entrusted with the responsibility of collecting taxes for the IRS. *Berera* forces us to treat these disparate situations as being the same. Essentially, the *Berera* line of reasoning deputizes every employer to enjoy the same immunity that the United States government enjoys under 26 U.S.C. § 7422(a). Rather than filing suit against the employer—who would now be regarded as acting as an agent of the IRS—the employee must file for an administrative remedy with the IRS. And we are assured that the IRS will chasten the sticky-fingered employer. Even if this is not an empty assurance, it hardly seems like the proper solution.

Furthermore, even if Mesa Medical Group is supposed to be treated as an agent of the IRS (insofar as it is required to collect and pay FICA and FUTA taxes on behalf of its employees), then the proper remedy is still not for Ednacot to file a tax refund claim with the IRS. Rather, this case would fall under 26 U.S.C. § 7433, which creates a cause of action for civil damages for certain unauthorized collection actions, assuming that Mesa Medical's action can be thus characterized.

There is no reason to recast a very simple state law claim as a highly complicated federal tax refund claim. In the end, such a reconstruction leaves the plaintiffs without any plausible avenue for redress and it federalizes an entire class of cases that should properly remain within the jurisdiction of the state courts.